## 25112. HODGES *v.* THE STATE.

BROYLES, C. J. The evidence amply authorized the defendant's conviction of the offense of possessing whisky, and the court did not err in overruling the motion for a new trial, which contained the usual general grounds only.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 5, 1935.

*W. A. Dampier,* for plaintiff in error.
*Lester F. Watson, solicitor,* contra.

## 25183. ARNOLD *v.* THE STATE.

BROYLES, C. J. 1. "When a motion for new trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." Code of 1933, § 70-205. In the instant case a ground of the motion for new trial was based on the alleged newly discovered evidence of a witness, but none of the affidavits required by the foregoing code section was submitted on the hearing of the motion. It follows that the overruling of the ground was not error.

2. The verdict was amply authorized by the evidence, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 5, 1935.

*A. O. Blalock, J. Mallory Hunt,* for plaintiff in error.
*W. H. Connor, solicitor-general,* contra.